CASE 69.—ACTION BY JULIUS H. ULRICH AND OTHERS
        AGAINST FREDRICK KOUSTMER AND OTHERS.—
        November 30, 1909.

## Ulrich, &c. v. Koustmer, &c.

Appeal from Campbell Circuit Court.

C. W. YUNGBLUT, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Affirmed in part and reversed in part.

1.  Municipal Corporations—Police and Fire Commissioners—
    Holding Over.—Ky. St. 1909, Sec. 3137, part of the charter of
    cities of the second class, provides that four persons shall
    be appointed as police and fire commissioners for a term of
    one, two, three, and four years, respectively, and thereafter
    yearly, as their terms of office expire, respectively, there
    shall be one appointed for a term of four years. Held, that
    such a commissioner does not hold over after expiration of his
    term till his successor is appointed and qualified, there be-
    ing no provision therefor, and there being no such provision
    in section 3118 (section 1216), part of such charter, relative
    to the term of the superintendent of public works, while
    there is such provision in sections 3126 and 3143 (sections
    1028, 1080), also parts of such charter, relative to the terms
    of the auditor and commissioner of waterworks.

2.  Municipal Corporations—Police and Fire Commissioners—
    Vacancy in Office—Appointment.—Under Ky. St. 1909, Sec.
    3137, part of the charter of cities of the second class, pro-
    viding that the mayor, subject to the approval of the board of
    alderman, shall appoint four persons as police and fire
    commissioners; that they shall be appointed for a term of
    one, two, three, and four years, respectively, and every year
    thereafter as their terms of office shall expire, respectively,
    there shall be one appointed for a term of four years, and the
    mayor shall fill all vacancies—the mayor in making an orig-
    inal appointment (that is, appointing one, after the terms of
    the first four appointees have expired, to serve for four years)
    must submit the name of the appointee to the board of alder-

Ulrich, &c., v. Koustmer, &c.

men for its approval, and, it having refused to approve the appointee, a vacancy, such as the mayor may fill without the approval of the board of aldermen, does not arise on expiration for the term of the outgoing member, but the mayor must submit another name for its approval.

THOMAS P. CAROTHERS, AUBREY BARBOUR, BRENT SPENCE and NELSON & GALLAGHER attorneys for appellants.

## PROPOSITIONS DISCUSSED.

1. Injunction is a proper remedy for an officer interferred with or molested in the discharge of his duty.    Poyntz v. Shackelford, 107 Ky., 546.

2. A member of the Police and Fire Commissioners of cities of the second class holds over until his successor is duly appointed and qualified.  Dillion's Municipal Corporations, Sections 219, 220; Wier v. Bush, 4 Littell, 433; City of Louisville v. Higdon, 59 Ky., 526; McDermott v. City of Louisville, 98 Ky., 50; City of Wheeling v. Clock, 25 W. Va., 266; People v. Ferris (N. Y.) 16 Hun., 219; Sections 3137, 3118, 2143, Kentucky Statutes.

3. The expiration of the term of office of a member of the Board of Police and Fire commissioners of cities of the second Class does not create such a vacancy as is authorized to be filled by the mayor without confirmation by the Board of Aldermen. Ky. Statutes, Section 3137; Watkins v. Mooney, 24 Ky. Law Rep., 1469; People v. Tirrell, 87 Cal., 475; Lawrence v. Handley, 87 Mich., 399; People v. Lord, 9 Mich., 226; Miller v. Washington, Fed. Cas. No. 9, 593 A. (2 Hayn. & H.).

SAM E. ANDERSON for appellees.

GEO. H. AHLERING, C. T. BAKER, WM. A. BURKAMP and HARRY WEBER of counsel.

## AUTHORITIES CITED.

1. Sections 3118, 3126, 3137, 3143 Kentucky Statutes on proposition that incumbent does not hold until his successor is appointed and qualified.  Stevens v. Wyatt, 16 B. Mon., 594; Leeman v. Hinton, 1 Duvall, 44; Offutt v. Commonwealth, 73 Ky., 215; McDermott v. City of Louisville, 17 Ky. Law Rep., 617, all upon this same proposition.

2. State v. Blackmore, 104 Mo., 340; Opinion of the Justices, 45 N. H., 590.  In re Supreme Court vacancy, 4 S. D., 532, upon what constitutes a vacancy in office.

3. Section 3143 of Kentucky Statutes upon the point that the mayor appoints to all vacancies in the office.

4. Watkins v. Mooney, 24 Ky. Law Rep., 1469, upon the proposition that the appointment to fill a vacancy need not be confirmed by the board of aldermen.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN—
Affirming.

This controversy depends upon the construction of section 3137, Ky. St., which is as follows: ''The mayor, subject to the approval of the board of aldermen, shall appoint four citizens and freeholders of the city, who shall have been electors of the city for five years preceding their appointment, and who shall not be less than 30 years of age, and not related to the mayor by blood or marriage, who, together with the mayor, shall compose a board of police and fire commissioners. The mayor shall be ex officio chairman of said board. Said commissioners shall be appointed for a term of one, two three and four years, respectively, upon the taking effect of this act; and every year thereafter, as the terms of office of said commissioners shall expire, respectively, there shall be one commissioner appointed for a term of four years, and the mayor shall fill all vacancies that may occur in said board,'' etc.

This section is contained in the charters of second-class cities. The city of Newport being one of that class, the mayor on April 27, 1894, after the act became a law, appointed four persons to act as police and fire commissioners, their terms of office to expire in one, two, three, and four years, in accordance with the statute, and on the same date each year thereafter the mayor named a person to act in the place of the one whose term expired, and sent the name to the board of aldermen for confirmation. There seems to have been no friction in the naming and confirming of

a person to hold the position until April, 1909, when the mayor, Edward L. Krieger, named one Bowman to fill the position, and sent his name to the board of aldermen for confirmation, which the board refused to do. The mayor failed to name another person in lieu of Bowman until after the term of Richard Pfingstag expired. He then declared a vacancy in the office, and appointed one Lindsay to fill the unexpired term.

This action was instituted, in which it was alleged, in substance, that Pfingstag was still a member of the board and had a right to hold the position until his successor was duly appointed, approved, and qualified; that the appointment by the mayor of Lindsay to fill the alleged vacancy was void, and that he, Pfingstag, had a right to act as a member of said board; that the mayor and one Koustmer, a member of the board, were threatening and about to induct Lindsay into office, and an injunction was sought to prevent it. The case was tried in the lower court, and judgment was rendered to the effect that Pfingstag's term of four years had expired, and that he had no right to hold the office until his successor was duly appointed and qualified, and that there was a vacancy in the position when the mayor appointed Lindsay and that the appointment of Lindsay was legal; that it was not necessary in such a case to submit his name to the board of aldermen for its confirmation. The injunction was dissolved, and this appeal prayed.

Immediately thereafter, and within the time fixed by law, the appellants moved a judge of this court to reinstate the injunction, and on June 9, 1909, W. E. Settle, at that time Chief Justice of this court, entered the following order, to-wit: "It is the opinion of this court, in which a majority of its members and all

who are present concur, that the injunction granted appellants should have been continued in force until a hearing of the case is had in this court upon the appeal and on the merits. It is, therefore, adjudged that the injunction dissolved by the circuit court be, and it is, re-instated to continue in force during the pendency of the appeal, and until the case shall be decided by this court upon its merits.'' Counsel cite several authorities which seemingly support their contentions as to each of the questions involved. We will not take the time, however, to consider and discuss them in this opinion, as they construe statutes different from ours, the one under consideration. We have had no trouble in arriving at a proper construction of the section of the statute involved. The charter for cities of the second class came from the Legislature as a whole, and it is not the province of the court to add to it when the meaning is plain. The statute, in so many words, fixes the term each of the persons appointed is to hold.

It was in the province of the General Assembly to determine whether or not they should hold until their successors were appointed and qualified. Sections 3118, 3126, 3137, and 3143 of the Statutes throw much light upon the question as to whether Pfingstag is authorized to hold the office of police and fire commissioner until his successor was duly appointed . and qualified. Section 3118 relates to the appointment by the mayor of a superintendent of public works, and says that he shall be appointed, ''for a term of two years,'' subject to the approval of the board of aldermen. Section 3126 provides that the mayor shall appoint an auditor, subject to the approval of the board of aldermen, to serve for two years, or until his suc-

cessor is duly appointed and qualified.  Section 3137, the one under consideration, provides that four persons shall be appointed as police and fire commissioners, their term to expire in one, two, three, and four years, respectively, and thereafter, yearly, there shall be one appointment for a term of four years.  Section 3143 fixes the term of the commissioner of the waterworks.  ''Their terms of office shall be three years and until their successors are duly appointed and qualified.''  Here we have two instances expressly stating that the officers shall hold over until their successors are duly appointed and qualified, and in the other two no such power or right is conferred. The expression in the two instances that they should hold over and in the other two a failure to confer the right shows plainly that the General Assembly did not intend that the right to hold over should exist. This court has no power to add words to a statute when it is unambiguous.  We are therefore of the opinion that Pfingstag's power as a police and fire commissioner ceased at the expiration of his term of four years.

The other question is also easy of solution.  The statute unquestionably authorized the mayor to fill all vacancies in the office without submitting the names of such appointees to the board of aldermen for its approval.  See the case of Watkins v. Mooney, 114 Ky. 646, 71 S. W. 622, 24 Ky. Law Rep. 1469.  It was also decided in that case, with equal definiteness, that the mayor in making original appointments—that is, in appointing some one to serve for four years —should submit the name of the appointee to the board of aldermen for its approval, and this is in accord with the express terms of the statute.  Our opinion is that, when Lindsey was appointed by the

mayor, there was no such vacancy in the office as was contemplated by the General Assembly when it enacted the statute. The term of office succeeding Pfingstag had never been filled, so that it could become vacant, and the statute requires the mayor to appoint some one for the term and submit his name to the board of aldermen for approval. In our opinion there must have been some one duly appointed and qualified filling the office before a vacancy can occur as contemplated by the statute. It was the duty of the mayor to have submitted the name of Lindsay as his appointee to the board of aldermen for its approval before he could have been legally inducted into office.

In the case of Watkins v. Mooney, supra, this court said: "It is urged, and this we conceive to be the main argument for the appellee in his behalf, that there is no apparent reason, and, in fact, none, why the legislators should require the mayor's appointees, original and for full terms, always to be confirmed by the board of aldermen, and yet allow him to fill vacancies in the same board without such confirmation. The argument seems to us to be almost irresistible when presented to that body who make the law. But the consequences are not so much to be regarded in the construction of the statutes as the language employed, where the language is unambiguous. In fact, as long as the language of the statute is not ambiguous, the courts have no discretion as to the meaning they will give to it. * * * A distinction is obviously intended to be made between original appointments of members of the board and appointments to fill vacancies; otherwise, there is no sense or meaning in the provision directing and authorizing the mayor to fill all vacancies. If the Legis-

lature had intended that appointments to fill vacancies should be submitted for confirmation to the board of aldermen, it would doubtless have put in after the word 'mayor,' as it expressly did when providing for the original appointment, 'subject to the approval of the board of aldermen.' '' Evidently the General Assembly intended that in selecting police and fire commissioners for a term of four years the mayor and board of aldermen should exercise their judgment in the matter, and the mayor alone could not have the power. To give the statute the construction contended for by appellees would thwart this object, as the mayor could fail to appoint and send in the name until after the term of the outgoing member had expired, or send in the name of a person that he knew was unfit, and that the board would reject, and then wait until the term of the outgoing member expired and declare a vacancy and appoint a person without submitting his name to the board for confirmation, and in this way govern and control the matter himself, and obtain a board of police and fire commissioners of his own selection and thus defeat the Legislature's will.

For these reasons, the judgment with reference to declaring that Pfingstag had no right to hold over beyond his term is affirmed, and that part declaring Lindsay duly appointed to fill the vacancy is reversed and remanded for further proceedings consistent herewith.